CARBONELL v. THE REGISTRAR OF PROPERTY.

APPEAL from the District Court of Mayagüez.

No. 816.—Decided June 29, 1912.

ERRORS IN RECORDS—CLERICAL ERROR.—A clerical error exists when without evident intention one word is written for another, when the statement of some detail is omitted the lack of which is not a cause of nullity, or when there are mistakes in proper names or amounts made in copying from the titles but which do not change the general sense of the record.

ID.—MATERIAL ERROR.—A material error exists when in stating the contents of the title in the entry the sense thereof is altered or varied but not necessarily causing the nullity of the entry.

ID.—MATERIAL ERROR—CLERICAL ERROR—SEGREGATION OF PARCEL OF LAND.— The error treated of in this case having consisted in the segregation for Carlos Casabó Miret of one parcel of land more than had been adjudicated to him it constitutes a material error and not a simple clerical error.

ID.—PROCEDURE—MATERIAL ERROR—AGREEMENT OF PARTIES AND REGISTRAR.— When, as in the case at bar, a material error which does not appear clearly from the entry itself is treated of, in order to correct said error it is necessary, in accordance with article 256 of the Mortgage Law, that all the parties and the registrar shall agree to the correction. Should it not be possible

to obtain the consent of all, then, in accordance with articles 294 and 298 of the Regulations for the execution of the Mortgage Law, it is necessary to file a petition in the corresponding district court, which shall hear the parties in the manner prescribed for the creation of legal liens and shall enter an order refusing or ordering the correction to be made.

ID. — OBJECTION — MATERIAL ERROR — ORDINARY ACTION. — When the proceedings mentioned in the preceding paragraph shall have been instituted and the registrar or any of the parties should oppose the correction of the error on the ground that a material error does not exist, then, in accordance with article 257 of the Mortgage Law, the correction of said error should be contested in an ordinary action.

ID.—PROCEDURE—INTERVENTION OF INTERESTED PARTIES.—When, as in the case at bar, an ordinary action has been instituted without having first invoked the proceedings mentioned in the preceding paragraphs with the intervention of all the parties interested in the record in which an error is sought to be corrected, a judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action conforms to law.

ID.—PROCEDURE—SPECIAL PROCEEDINGS—ELECTION OF DIFFERENT PROCEDURE.— When the law prescribes a certain procedure for bringing an action it is not lawful for the parties to disregard the same and to resort to a different procedure, because as the Mortgage Law has prescribed a speedy procedure for the correction of material errors when the existence of such error is not denied the procedure established for cases where such error is denied cannot be resorted to in such a case.

ID.—SUFFICIENCY OF COMPLAINT—ACTIONS—REGISTRAR OF PROPERTY—MATERIAL ERRORS.—In order that proceedings may be instituted against the registrar in accordance with the Mortgage Law for refusing to correct an error in an entry, it is necessary that his objection be based on the ground that no material error exists in the entry and, therefore, the complaint must contain this allegation in order to state facts sufficient to constitute a cause of action, which it does not in the case at bar.

The facts are stated in the opinion.

*Mr. Benito Forés* for appellant.

*Mr. Fernando Vázquez* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The estate "Restauración," composed of 700 *cuerdas,* situate in Cabo Rojo, and recorded in the Registry of Property of San Germán in favor of Gumersinda Casabó Miret, was partitioned among her seven heirs, who, to satisfy debts of the ancestor, segregated therefrom two parcels which they adjudicated for that purpose to the heir, Carlos Casabó Miret. One parcel was composed of 77 *cuerdas* and the other of 216, the latter being composed of two portions, one of 200 *cuerdas* and another of 16. There remained, therefore, for partition

among the seven heirs 407 *cuerdas,* which were adjudicated in common.

Notwithstanding that the deed of partition shows this clearly the then Registrar of Property of San Germán, Mr. Beamud, at the time of recording said deed in the second entry relative to said lands, stated that, for the satisfaction of liabilities, 309 *cuerdas* thereof were adjudicated to Carlos Casabó Miret, the same being divided into three portions of 216, 16, and 77 *cuerdas,* respectively, there having been adjudicated in common to the seven heirs the 391 remaining *cuerdas.*

Later, of the two parcels adjudicated expressly to Carlos Casabó Miret in payment of debts the one composed of 77 *cuerdas* became the property of Virgilio Zapata, and of the parcel of 216 *cuerdas* Ramón Garratazú acquired 200 and Juan José Irizarry Toro acquired 16. They were all recorded as separate estates.

The undivided joint interest of the seven heirs in the 407 *cuerdas* which remained according to the deed of partition, although but 391 *cuerdas* were recorded in their favor by the registrar, Mr. Beamud, by successive purchases became the property of Celedonio Carbonell, who, on April 29, 1910, applied to the present Registrar of Property of San Germán for the correction of the aforesaid second entry on the ground that the same contained an immaterial error and for the insertion therein of the true amount of 407 *cuerdas* adjudicated to the heirs. The said registrar refused to make this correction.

In view of this refusal Celedonio Carbonell instituted *ex parte* proceedings in the District Court of Mayagüez, stating the foregoing facts and requesting that the Registrar of Property of San Germán be directed to correct the error existing in the aforesaid entry, whether it be an immaterial error or an error of judgment. By decision of October, 21, 1910, this petition was denied by the court on the ground

that the registrar had opposed it and that there might be other parties interested in the proceedings.

These are the grounds upon which Celedonio Carbonell brought action in the District Court of Mayagüez on May 31, 1911, against the Registrar of Property of San Germán. Rafael B. Sama answered the complaint by a general denial, and stated, moreover, that a declaratory action does not lie against decisions of registrars and that he did not refuse to correct the record on the ground that the interpretation thereof did not agree with the title, but because it was not shown that the different parties interested in the record had consented to such correction.

After trial the aforesaid court rendered judgment on December 11, 1911, dismissing the complaint with costs against the plaintiff on the ground that the same did not state facts sufficient to constitute a cause of action. From this judgment the plaintiff, Celedonio Carbonell, has taken the present appeal.

In view of these facts the lower court arrived at the conclusion that the error was evident, the difference consisting of the 16 *cuerdas* erroneously recorded as segregated separately and independently from the estate of 216 *cuerdas;* that besides the plaintiff there are other parties interested in the record the correction of which is sought; that the proper proceeding for the correction thereof is not a declaratory action, and that the complaint does not state facts sufficient to constitute a cause of action. These are also the questions that the appellant deals with in his brief.

With respect to the first point, the appellant maintains that the opinion of the lower court that the error consists in having recorded erroneously 16 *cuerdas* independently of the 216 is an error, because said difference is not recorded in favor of any one, nor has a separate estate been formed therewith. Notwithstanding that the segregation of 16 *cuerdas* was not recorded as a separate estate, as should have been done by the registrar, and that neither were the other segre-

gations so recorded until acquired by different persons, it is true that in the record of the deed of partition it was stated that three parcels of 77, 216, and 16 *cuerdas,* making a total of 309, and not two, were segregated for Carlos Casabó Miret, when in reality 293 *cuerdas* only were segregated. This error caused that of recording a remainder of 391 *cuerdas* out of the 700 in favor of the heirs, when, as stated in the partition, there were 407. Although a separate record of the segregations was not made, the entry of said three parcels was so made in the record.

From the manner in which said entry has been made the correction thereof will affect not only the interest of the heirs in the 407 *cuerdas,* but that this number of *cuerdas* may result it is also necessary that the erroneous segregation of 16 *cuerdas,* which still figures in favor of Carlos Casabó Miret, be canceled. The fact that a separate record of this segregation of 16 *cuerdas* was not made does not annul the record thereof made in the same entry in favor of Casabó Miret, and, therefore, he must appear as a party interested in the correction of the error.

Of course the error committed in this case by the registrar, Mr. Beamud, was an error of judgment and not a material error. The latter exists when some words are unintentionally written for others, when the statement of some detail is omitted not causing nullity, or when mistakes are made as to surnames or amounts in transcribing them from the documents without thereby changing the general sense of the record; but when in expressing in the entry matters contained in the deed their sense is altered or marred, this error not necessarily producing nullity, then the error is one of judgment. The error in this case consisted in segregating for Carlos Casabó Miret one parcel more than had been adjudicated to him, and therefore it was not a material error merely. (Arts. 259 and 260 of the Mortgage Law.)

This being established, let us see if in instituting this

action Celedonio Carbonell has followed the procedure prescribed by law to obtain the correction of the existing error.

Before proceeding further on this particular we must state that in this case the error does not appear clearly from the record itself because from the mere perusal of the entry the error is not noted. It is necessary to compare the entry with the title from which it originated in order to note the error. Such being the case, and in dealing with errors of this nature, the Mortgage Law says:

"Art. 256.—Errors of judgment committed in entries, records, or cancellations, or in any other entries referring thereto, when they do not appear clearly from the same, shall not be corrected without the unanimous consent of all the interested parties and of the register, or without a judicial decree ordering it.

"The same errors committed in entries of presentation and notes may be corrected by the register himself, when the respective principal record suffices to expose them."

In accordance with this provision it will be necessary in this case, which deals with an error of judgment not resulting from the record itself, for all the interested parties and the registrar to consent to the correction. If it is impossible to obtain the consent of all then it will be necessary, under articles 298 and 294 of the Rules for the execution of the Mortgage Law, to apply to the district judge, who will, in the manner prescribed for the creation of legal mortgages, hear the parties interested and issue a decree directing that the correction shall or shall not be made. Notwithstanding this procedure, if the registrar or any of the interested parties should object on the ground that such error of judgment does not exist, then, in accordance with article 257 of the Mortgage Law, the question must be settled in a declaratory action. In the present case the registrar does not deny the existence of an error of judgment, but has refused, and does refuse, to correct such error because all the parties interested in the record have not been heard. In this he is right for the reason that

Carlos Casabó Miret should be heard before the correction can be made or ordered.

Therefore, this is not a case in which a declaratory action may be instituted, but where the procedure above mentioned should have been followed. It is true that Carbonell already instituted such proceedings and his petition was dismissed because the other parties interested in the record had not been made parties to the proceedings by him.

If he had procured the citation of such parties he would surely have avoided this action and would probably have attained his purpose.

When the law prescribes a certain procedure to be followed in exercising an action it is not lawful for the parties to disregard the same and resort to another one. The Mortgage Law, therefore, prescribing the procedure to be followed to correct errors of judgment promptly, where the existence of such errors is not denied, it is impossible to resort to the procedure established for cases wherein the existence of the errors is denied. (*Márquez* v. *Aguiló,* 8 P. R. R. 534.)

Under the Mortgage Law, in order that an action may be instituted against the registrar for refusing to correct an entry, it is necessary that his opinion shall be based on the nonexistence of such error, and, consequently, the complaint must state this ground in order to state facts sufficient to constitute a cause of action. This does not occur in the present case.

For the foregoing reasons the judgment appealed from should be affirmed.

*Affirmed.*


Chief Justice Hernández and Justice MacLeary concurred.

Justices Wolf and del Toro signed stating that they concurred in the judgment.